**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3302-16T2

DOUGLAS DASILVA,

    Plaintiff-Respondent,

v.

JDDM ENTERPRISES, LLC, DAVID COHEN
T/A JDDM CUSTOM CONSTRUCTION,

    Defendants-Appellants,

v.

UTICA FIRST INSURANCE COMPANY,

    Third-Party Defendant-Respondent,

and

2 HAND BROTHERS CONSTRUCTION, LLC,

    Third-Party Defendant.

_____

Argued April 25, 2018 — Decided July 27, 2018

Before Judges Fuentes, Koblitz, and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Burlington County, Docket No.
L-1840-14.

Scott E. Becker argued the cause for
appellants.

Gretchen B. Connard argued the cause for respondent Utica First Insurance Company (Farber Brocks & Zane, attorneys; Gretchen B. Connard, on the brief).

PER CURIAM

At all times relevant to this case, plaintiff Douglas DaSilva was an employee of 2 Hand Brothers Construction, LLC (Hand Brothers). JDDM Enterprises, LLC (JDDM) was the general contractor of the construction project at which Hand Brothers was a subcontractor. Hand Brothers did not have a workers compensation insurance policy at the time JDDM retained it to work as a subcontractor. On August 1, 2014, plaintiff filed a negligence cause of action against JDDM and its principal, David Cohen, seeking compensatory damages for injuries he suffered while working at the construction site as an employee of Hand Brothers. At the time, JDDM had a Contractor's Special insurance policy with Utica First Insurance Company (Utica).

JDDM reported plaintiff's claim to Utica and requested it to defend JDDM and Cohen in this suit and to indemnify them both against any civil liability up to the policy's coverage limit. In a letter to JDDM dated October 17, 2014, Utica denied coverage pursuant to the policy's Workers' Compensation Exclusion and Employee Exclusion. According to Utica, the policy did not provide coverage if JDDM was required to provide plaintiff with

2 <span style="float:right">A-3302-16T2</span>

workers' compensation benefits under the Workers' Compensation Act, N.J.S.A. 34:15-1 to -146. Because plaintiff's employer, the subcontractor, did not have a workers' compensation policy, under N.J.S.A. 34:15-79(a), the general contractor is liable for any compensation which plaintiff would have been entitled to receive from his employer.

JDDM and Cohen filed a responsive pleading to plaintiff's complaint and a third-party declaratory judgment action against Utica, seeking declaratory relief on the issue of coverage and an injunction compelling Utica to defend JDDM and Cohen in the civil action filed by plaintiff. After joinder of issue, Utica moved for summary judgment before the Law Division arguing the third-party complaint should be dismissed based on the policy's workers' compensation exclusion. The motion judge agreed with Utica and dismissed JDDM's and Cohen's third-party complaint as a matter of law. JDDM and Cohen thereafter entered into a Consent Judgment in which they agreed to be jointly and severally liable to plaintiff in the sum of $55,000.

In this appeal, JDDM and Cohen argue the motion judge erred when she concluded Utica was entitled to deny coverage under the workers' compensation exclusion in the policy. We review an order granting a motion for summary judgment de novo, without any deference to the Law Division's conclusions of law. Town of Kearny

3                                                          A-3302-16T2

v. Brandt, 214 N.J. 76, 91 (2013).  We also consider the evidence and the parties' factual contentions in the light most favorable to the non-moving party.  Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012); R. 4:46-2(c).  Applying these standards to the record developed by the parties here, we affirm.

I

A

JDDM is a limited liability company; Cohen is its sole member. Utica issued a Contractor's Special liability policy to JDDM effective from July 11, 2012 to July 11, 2013.  The policy's declarations page identifies JDDM as the named insured.  The policy defines "'you' and 'your'" as "the person, persons, or organizations named as the insured on the 'declarations.'"  It defines "insured" as:

> b. "you" and all "your" partners or members and their spouses, but only with respect to the conduct of "your" business, if shown on the "declarations" as a partnership or joint venture;
>
> c. "you" and all "your" members and managers, but only while acting within the scope of their duties, if shown on the "declarations" as a limited liability company . . . .

Coverage L, found on page nine of a forty-two-page policy document,[1] defines Bodily Injury Liability/Property Damage Liability:

> "We" pay all sums which an "insured" becomes legally obligated to pay as "damages" due to "bodily injury" or "property damage" to which this insurance applies. The "bodily injury" or "property damage" must be caused by an "occurrence" which takes place in the "coverage territory", and the "bodily injury" or "property damage" must occur during the policy period.

The section titled "Defense Coverage" states: "Payments under this coverage are in addition to the 'limits' for the Commercial Liability Coverage[2] . . . We have the right and duty to defend a suit seeking 'damages' which may be covered under the Commercial Liability Coverage." Finally, the policy contains several exclusions from coverage:

> "We" do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded event.

---

[1] The policy contains a Table of Contents with clearly worded descriptions of the various subject areas. "Definitions" is properly labeled with subheadings. Subheading "Coverage L" is the first subheading under "Definitions."

[2] The Declarations Page discloses the limit for each occurrence as $1,000,000. The General Aggregate Limit is $2,000,000.

A-3302-16T2

EXCLUSIONS THAT APPLY TO BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY, AND/OR ADVERTISING INJURY

. . . .

12. [The Workers' Compensation Exclusion]

"We" do not pay for "bodily injury" or "personal injury" if benefits are provided or are required to be provided by the "insured" under a workers' compensation, disability benefits, occupational disease, unemployment compensation, or like law.

The policy excludes from coverage injuries to employees, contractors, and employees of contractors:

[The Employee Exclusion]

This Endorsement only applies to worksites within the State of New York[.]

. . . .

This insurance does not apply to:

(i) bodily injury to any employee of any insured, to any contractor hired or retained by or for any insured or to any employee of such contractor, if such claim for bodily injury arises out of and in the course of his/her employment or retention of such contractor by or for any insured, for which any insured may become liable in any capacity;

(ii) any obligation of any insured to indemnify or contribute with another because of damage arising out of the bodily injury . . . .

6

On August 8, 2012, JDDM was functioning in the capacity of general contractor when it hired Hand Brothers, as a subcontractor, to perform work at a construction site located in the Township of Livingston. Hand Brothers drafted the proposal that described the work it agreed to perform, but improperly listed "JDDM Custom Construction, LLC," as the general contractor. In a deposition taken on August 23, 2016, plaintiff testified that at the time of the accident on August 15, 2012, he was employed by a man named Evan Soto, whom he later learned owned Hand Brothers, to do framing work at the job site.

In the Workers' Compensation — First Report of Injury or Illness he filed with the Division of Workers' Compensation on November 30, 2012, plaintiff named JDDM as his employer. In an amended Employee Claim Petition, plaintiff described the accident: "Fell one story through [a] cutout stairwell" at the job site. Cohen testified that in response to his question, the "owner"[3] of Hand Brothers told him he had workers' compensation insurance. However, he did not ask him to produce proof of insurance at this encounter. When Hand Brothers provided Cohen a Certificate of Liability Insurance, the Certificate was issued to "Top Line

---

[3] Cohen did not remember the name of the man who identified himself as the "owner" of Hand Brothers.

Quality Construction, Inc.", and not to Hand Brothers. When asked about this discrepancy, Cohen explained that he was not certain who owned Top Line Quality Construction, Inc., but believed it was another company owned by the owner of Hand Brothers. Ultimately, the Certificate of Liability Insurance Hand Brothers produced was "fake." The record shows that Hand Brothers did not have any workers' compensation insurance during the time JDDM retained it as a subcontractor.

After it investigated the claim, Utica denied coverage in a letter dated October 17, 2014. Citing paragraph 11 (the Employee Exclusion) and paragraph 12 (the Workers' Compensation Exclusion) in the policy's "EXCLUSIONS," Utica explained that it would be

> unable to provide coverage to you or any other party seeking coverage under this policy of insurance for damages arising out of this incident. We will not defend any legal action against our insured or any other party; we will not indemnify our insured or any other party for any judgment awarded; and we will not make any payment on our insured for any other party's behalf in connection with damages arising out of this event.

On March 31, 2017, the Law Division entered an Order of Dismissal Through Settlement in which the court dismissed the underlying civil action between plaintiff and JDDM without prejudice. (Emphasis added). This order further provided: "The parties may file a stipulation or order setting forth the specific

settlement terms." As part of the record in this appeal, JDDM included an unsigned copy of an Order of Judgment with Stipulation of Settlement. In this document, JDDM and Cohen agreed that plaintiff could enter judgment against them both "jointly, severally, and/or in the alternative for the sum of $55,000.00." The balance of the Stipulation of Settlement states:

> 3. Provided Defendants file a timely appeal, Plaintiff agrees to stay [the] execution and docketing of the within judgment during the pendency of said appeal to the filing of an opinion (R. 1:36-1) of the Appellate Division, whereupon:
>
> a. Defendants shall pay the sum of $27,500.00 within thirty (30) days;
>
> b. And thereafter, Defendants shall pay an additional sum of $27,500 within one hundred eighty (180) days;
>
> 4. Provided Defendants meet all obligations under this Order, Plaintiff agrees to suspend execution upon the Judgment.

In his brief before this court, JDDM's appellate counsel acknowledged that plaintiff's workers' compensation claim has not been decided.

## II

JDDM argues that the Workers' Compensation Exclusion in Utica's policy is ambiguous and should be construed in favor of coverage because the parties have unequal bargaining powers. In

contrast, Utica argues that the Workers' Compensation Exclusion is unambiguous and the exclusion should be given its plain meaning.

"Insurance policies are construed in accordance with principles that govern the interpretation of contracts; the parties' agreement 'will be enforced as written when its terms are clear in order that the expectations of the parties will be fulfilled.'" Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 525 (2012) (quoting Flomerfelt v. Cardiello, 202 N.J. 432, 441 (2010)). "The terms of insurance contracts are given their 'plain and ordinary meaning,' with ambiguities resolved in favor of the insured." Ibid. (quoting Flomerfelt, 202 N.J. at 441).

Exclusionary clauses are presumed valid if they are "specific, plain, clear, prominent and not contrary to public policy." Flomerfelt, 202 N.J. at 441 (quoting Princeton Ins. Co. v. Chunmuang, 151 N.J. 80, 95 (1997)). "If the terms used in an exclusionary clause are ambiguous, 'courts apply the meaning that supports coverage rather than the one that limits it.'" Mem'l Props., LLC, 210 N.J. at 528 (quoting Flomerfelt, 202 N.J. at 442). If however, "the words used in an exclusionary clause are clear and unambiguous, 'a court should not engage in a strained construction to support the imposition of liability.'" Ibid. (quoting Flomerfelt, 202 N.J. at 442).

A-3302-16T2

The burden is on the insurer to show that an exclusionary clause applies, and "[a]s a result, exclusions are ordinarily strictly construed against the insurer, and if there is more than one possible interpretation of the language, courts apply the meaning that supports coverage rather than the one that limits it." Flomerfelt, 202 N.J. at 442 (citations omitted). However, "courts must be careful not to disregard the 'clear import and intent' of a policy's exclusion." Ibid. (citing Westchester Fire Ins. Co. v. Cont'l Ins. Cos., 126 N.J. Super. 29, 41 (App. Div. 1973)). Additionally, not every "far-fetched interpretation of a policy exclusion will be sufficient to create an ambiguity requiring coverage," and instead, "courts must evaluate whether, utilizing a 'fair interpretation' of the language, it is ambiguous." Ibid. (quoting Stafford v. T.H.E. Ins. Co., 309 N.J. Super. 97, 105 (App. Div. 1973)).

New Jersey's Workers' Compensation statute requires employers to purchase workers' compensation insurance, and "[i]n return for the employer assuming the burden of providing this coverage, the employee surrenders the right to pursue any other remedy against the employer, thus immunizing the employer from tort liability." Eger v. E. I. du Pont de Nemours Co., 110 N.J. 133, 137 (1988) (citing N.J.S.A. 34:15-7, -8). Because general contractors are not part of an employment contract between a subcontractor and its

11                                                    A-3302-16T2

employees, they are "not required to provide workers' compensation coverage, and do not enjoy the immediate employer's immunity from tort liability." Ibid.

N.J.S.A. 34:15-79(a) provides that:

> Any contractor placing work with a subcontractor shall, in the event of the subcontractor's failing to carry workers' compensation insurance as required by this article, become liable for any compensation which may be due an employee or the dependents of a deceased employee of a subcontractor. The contractor shall then have a right of action against the subcontractor for reimbursement.

Under this provision, a contractor who retains a subcontractor becomes liable for workers' compensation benefits owed to the subcontractor's employees if the subcontractor does not provide workers' compensation insurance. Pollack v. Pino's Formal Wear & Tailoring, 253 N.J. Super. 397, 403-04 (App. Div. 1992). This section acts as an incentive for general contractors to confirm that the subcontractors they hire are insured, "or else the general contractor himself [or herself] will become liable to pay such benefits." Pollack, 253 N.J. Super. at 404; see also Eger, 110 N.J. at 137 (explaining "this secondary liability is imposed to ensure that a worker has some source of recovery, and to provide an incentive for general contractors to place work with insured subcontractors . . . ."). However, this provision "has

no bearing on the tort liability of a general contractor to a subcontractor's employee." Eger, 110 N.J. at 137.

Here, it is undisputed that JDDM was the general contractor at the construction site where plaintiff was injured. It is also undisputed that JDDM hired Hand Brothers as a subcontractor to perform framing work at the property. Hand Brothers failed to provide workers' compensation coverage to its employees as required by N.J.S.A. 34:15-7, -8. Pursuant to N.J.S.A. 34:15-79(a), because Hand Brothers failed to provide this coverage, JDDM, as the general contractor, became liable to Hand Brothers' employees to provide workers' compensation coverage. Specifically, JDDM was required by N.J.S.A. 34:15-79(a) to provide workers' compensation benefits to plaintiff. Based on the record, it also appears that JDDM's workers' compensation carrier admitted liability pursuant to N.J.S.A. 34:15-79(a) and agreed to pay those benefits.

JDDM's insurance contract with Utica provides a Workers' Compensation Exclusion to coverage, which excludes coverage for "bodily" or "personal" injury if "benefits are provided or are required to be provided by the 'insured' under a workers' compensation . . . law." Because JDDM was required to provide workers' compensation coverage to plaintiff under N.J.S.A. 34:15-79(a), New Jersey's Workers' Compensation statute, the policy's

A-3302-16T2

Workers' Compensation Exclusion applied. The literal language of the Workers' Compensation Exclusion plainly excludes exactly the type of coverage that JDDM is seeking. We reject the argument based on any alleged ambiguity in Utica's policy exclusion provision. The balance of JDDM's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3302-16T2